12831

HARRISON *ET AL.* v. WILLIAMS *ET AL.*
McCALL *ET AL.* v. GLAZENER *ET AL.*

(151 S. E., 570)

*Messrs. Williams & Henry,* for appellants,

*Messrs. C. E. Robinson, and J. D. Wyatt,* for respondents,

February 7, 1930.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The above entitled action was commenced by plaintiff's attorneys, Findley & Wyatt, to partition the tract of land described in the complaint among plaintiffs and defendants as tenants in common, and resulted in a decree for sale in partition.

At the sale, W. E. Findley bid in the property for the appellant, J. Andrew Williams, for the sum of $1,850; the following entry being made in the Sales Book by the said W. E. Findley: "W. E. Findley represented A. Williams up to $2,000.00, and then A. Williams was to bid," and signed, "W. E. Findley." In accordance with said bid, the purchase price of said property was paid in by the said J. Andrew Williams. Before a deed was made to him, an order was passed restraining the Clerk of Court from executing and delivering to said J. Andrew Williams a deed to said property, pending the further order of the Court. The said order was based upon the petition of persons not parties to the action, to wit, W. E. Harrison and F. F. Norris, who alleged that W. E. Findley had bid in the property for them and prayed for a deed of conveyance to themselves.

Based upon said petition, a motion "to set aside the sale of the land" was noticed for December 11, 1928, before his Honor, T. J. Mauldin, at his chambers at Pickens, S. C. In answer to the petition, a verified return was made by W. E. Findley, in which he unqualifiedly denied having bid on the property for petitioners, and alleged, on the contrary, that the same was bid in by him for J. Andrew Williams, and a verified return was made by the said J. Andrew Williams of like import.

At the hearing upon said motion, supporting affidavits of W. E. Harrison and F. F. Norris and O. T. Findley to the petition of W. E. Harrison and F. F. Norris were introduced without previous notice to the appellants of their existence having been given, and all charges and allegations of fraud were withdrawn by attorneys for petitioners.

At the hearing before Judge Mauldin, the plaintiffs in the main cause by their attorney, J. D. Wyatt, intervened by petition joining in the prayer of petitioners Harrison and Norris, and thereupon Judge Mauldin, all parties being present or represented by counsel, and without objection, proceeded to hear argument based upon the petitions and affidavits of all the parties on both sides in which the question of chilling the sale only was presented and urged.

At said hearing the motion of said petitioners, W. E. Harrison and F. F. Norris, was granted, and an order was signed by his Honor, T. J. Mauldin, declaring the late sale of said land void and directing a resale thereof.

In answer to the rule, Mr. Findley says: "III. That just a few minutes before the hour for the sale the petitioners came in W. E. Findley's office and Mr. Harrison asked what the Gossett land would bring. Findley replied that he did not know, and asked Harrison what he thought, Harrison replied that he did not know but that he knew what it was worth, said it was worth $4,000.00. Findley then asked why he did not buy it, he said that he

was unable to handle all of it but that he would give $2,-000.00 for sixty acres on the upper end (there being 120 acres in the tract). Findley replied that would take all the best land, Harrison replied that there was a fresh patch on the lower end that was good and the bottom would be if drained and that he thought he could get a man to take the lower end at $1,000.00 and asked petitioner Norris if he would take it, Norris replied that he would if he could get some help, Findley asked him how much he could pay, Norris said not any now but will pay $400.00 this fall and will want the other carried over, Findley asked Harrison how much he could pay, he replied that he had 11 bales of cotton in his yard and that he would get up all of his this fall, but would want it carried until he could make arrangements, Findley told them that if he bid the land off for himself that he would sell it to them that way that Findley then looked at his watch and said it is now after the hour for sale and got up to go to the sale and Harrison asked 'if you get the land for less will you charge us as stated or will you let us have it for less,' Findley said he might divide, or share, that as he left his office for the sale.

"IV. That Andrew Williams had engaged W. E. Findley to bid on the land up to $2,000.00 for Andrew Williams and then Andrew Williams was to take up the bid and W. E. Findley and others knowing the land did not think but what it would bring more than the $2,000.00 but W. E. Findley was not engaged to bid for petitioners."

From Mr. Findley's statement it is evident that there ■ was a misunderstanding between him and the petitioners as to the bidding; they obviously were under the impression that Mr. Findley was going to bid upon the land for himself, and then, if it were knocked down to him, they would trade for it. According to his statement, he had at that time been engaged to bid for another, and should have so informed the petitioners, who then could and would probably have looked out for themselves. Be-

sides, Mr. Findley was one of the attorneys for the plaintiff who were interested in the sale and entitled to have the land bring as much as possible; the effect of his silence was apparently to sacrifice the competition of the petitioners in the bidding. Mr. Findley being the agent and attorney of Williams in the transaction, Williams was bound by his conduct.

The parties in the partition suit have become parties to the petition of Harrison and Norris, through Mr. Wyatt, the other member of the firm of Findley & Wyatt, and are entitled to have their interests protected. The order of his Honor, Judge Mauldin, is right and must be affirmed; it is so ordered.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.

MR. JUSTICE CARTER (concurring) : Under the view I take of this case, there was no wrong intention on the part of anyone; but, since it is apparent that there was a misunderstanding as to the bidding at the sale, a resale should he had, so that no question can be raised as to the land not bringing its full value.